IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM JACKSON**, *Plaintiff,* <br><br> v. <br><br> **DEP. MANDY SIPPLE et al.**, *Defendants.* | **CIVIL ACTION** <br> **NO. 24-2336** |

**Baylson, J.**                                                                                                       **March 18, 2025**

## MEMORANDUM ON MOTION TO DISMISS

Plaintiff William Jackson alleges that prison officials violated his constitutional rights by being deliberately indifferent to his serious mental health needs, ignoring multiple suicide attempts, and retaliating against him. Compl. ¶¶ 1-20, ECF 1. Defendants seek dismissal of these claims. ECF 22 & 25. Defendants' Motions to Dismiss are **DENIED**.

### I.     FACTUAL ALLEGATIONS[1]

Jackson is a prisoner at SCI-Phoenix who alleges he has a Serious Mental Illness ("SMI") and was previously classified as a Stability Code-D prisoner, requiring specialized mental health care. Compl. ¶¶ 1, 29, 32, ECF 1. Jackson alleges that prison officials failed to provide him with appropriate treatment and exhibited extreme indifference, leading to a deterioration of his condition, self-harm, suicidal ideation, and self-destructive behaviors. Id. ¶¶ 30–31.

Jackson alleges he attempted to commit suicide numerous times. Id. ¶¶ 32, 38–40, 58–59, 80–81. Jackson asserts that he repeatedly requested psychiatric evaluations and voluntary commitment to a mental health unit, but his requests were ignored.[2] Id. ¶¶ 32–36, 70, 82–87.

---

[1] For purposes of this Motion, the Court accepts as true all factual allegations in the Complaint. Doe v. Univ. of Scis., 961 F.3d 203, 208 (3d Cir. 2020).

[2] On November 4, 2021, Jackson's psychiatric review team downgraded his stability to a Code C despite his suicide attempts and suicidal thoughts. Compl. ¶¶ 60, 62, 67, ECF 1.

Jackson alleges that prison staff ignored his suicidal thoughts, failed to take appropriate measures to prevent Jackson's suicide attempts, and continued placing him in inappropriate housing situations that exacerbated to his suicidality. Id. ¶¶ 42–59, 69–82, 88, 116–17, 120–24, 140–148, 158–167, 193–198. Additionally, Jackson contends that prison officials retaliated against him for filing grievances, including by manipulating his housing assignments to place him in situations where he was at increased risk of self-harm. Id. ¶¶ 88–115, 139–157.

## II. PROCEDURAL HISTORY

Jackson filed this Complaint on May 28, 2024, asserting claims under the Eighth Amendment for deliberate indifference to medical needs and failure to protect, as well as a First Amendment retaliation claim. Id. ¶¶ 177–182, 214–221. On October 22, 2024, and November 4, 2024, ECF 22 & 25, Defendants filed Motions to Dismiss. On January 6, 2025, Jackson filed opposition briefs. ECF 31 & 32. On January 15 and 21, Defendants filed reply briefs. ECF 33 & 34. On March 10, 2025, Jackson sought leave to file a surreply. ECF 39.

## III. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule 12(b)(6), a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements," Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009) (citing Twombly, 550 U.S. at 555), and so it will not suffice if it is "devoid of further factual enhancement," Iqbal, 556 U.S. at 678 (citation omitted). Thus, in considering a motion to dismiss, the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff, Doe v. Univ. of Scis., 961 F.3d 203, 208 (3d Cir. 2020), but may not

"assume that [the plaintiff] can prove facts that it has not alleged[,]" Twombly, 550 U.S. at 563 n.8 (quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 526 (1983)).

As Jackson is proceeding pro se, the Court construes his allegations liberally. Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021) (citing Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244–45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." Id. However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim." Id. (quoting Mala, 704 F.3d at 245).

## IV. DISCUSSION

The Court is satisfied that Jackson's complaint alleges facts that are sufficient to show a plausible claim for relief and takes very seriously his allegations. Fowler v. UPMC Shadyside, 578 F.3d 210 (3d Cir. 2009). At this stage in the litigation, accepting Jackson's pleadings as fact, Jackson has plausibly pled that the facts alleged in his complaint were exhausted and may not be time-barred by the because of the continuing violation doctrine. Moreover, this Court is satisfied that Jackson has plausibly plead that Defendants knew of and disregarded "an excessive risk to inmate health or safety," Farmer v. Brennan, 511 U.S. 825, 837 (1994), through his references to detailed allegations that he consistently communicated of his suicidal thoughts to prison officials, who failed to act. Compl. ¶¶ 42–59, 69–82, 88, 116–17, 120–24, ECF 1. Regarding Jackson's § 1986 claim, the Court liberally interprets Jackson's allegations and concludes that he has plausibly plead claims under §§ 1985–86.

## V. CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss are **DENIED**. An appropriate order follows.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 24\24-2336 Jackson v Sipple\24-2336 Memorandum on Motion to Dismiss.docx